WILLIAM REED and Others v. ABRAHAM McINTYRE.[1]

May 9, 1902.

Nos. 12,930—(37).

**Will.**

A will was contested on the ground that it was not properly executed, and that the testatrix was insane, or improperly influenced. *Held*, evidence justified the judgment sustaining the will.

**Charge to Jury.**

Certain remarks and instructions of the trial court in charging the jury considered, and *held* not prejudicial.

From an order of the probate court for Polk county admitting to probate the will of Hannah H. Reed over the objections of plain-

[1] Reported in 90 N. W. 319.

tiffs, William Reed and others, they appealed to the district court for said county. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of defendant, proponent. From a judgment entered pursuant to the verdict, affirming the order of the probate court, plaintiffs appealed to the supreme court. Affirmed.

*J. A. Hendricks* and *W. E. Rowe*, for appellants.

*D. H. Fisk*, for respondent.

LEWIS, J.

On September 23, 1899, Hannah H. Reed executed a will, by which she left to her two sons and one daughter $10 each, and to her brother, Abraham McIntyre, the residue of her estate, of the value of about $800, appointing him her executor. On November 1, 1899, the testatrix died, and the children opposed the probating of her will upon the ground of fraud, undue influence, want of testamentary capacity, and improper execution thereof. The probate and district courts having found against them, and sustained the will, certain questions are brought to this court for review.

At the time of the execution of the will Mrs. Reed was seventy-two years old, living on a farm in Polk county, two or three miles from Fosston. Her two sons were married, residing with their families in the neighborhood; and the daughter was also married, but lived in a distant county. Four years previous to the execution of the will Mrs. Reed's husband died, and about two years prior thereto this respondent and his wife, who died within a year, went and made their home with her, respondent running the farm and continuing his abode with Mrs. Reed until the time of her death, when he was about seventy-four years of age. As to Mrs. Reed's mental condition when she drew her will there was very little tangible or definite evidence to show that she was not in possession of her faculties, or that she did not know what she was about. Nor is there much substance in the evidence offered to prove that she had been influenced in her action by the respondent, or any one else. According to the physician's testimony, she was somewhat erratic, and at times subject to melancholy; but the jury were fully justified in concluding that she was in her right mind when executing the will.

Exception was taken by appellants to certain language of the court used in instructing the jury. While the trial judge, in reviewing the evidence upon the question of insanity, seemed rather more disputative than judicial, yet, when taken in connection with the general charge, the jury were informed that they were the exclusive judges of the facts. The other remarks of the court for which error was assigned were not calculated to misrepresent the facts or prejudice the jury, and, considering the charge as a whole, we fail to discover prejudicial error.

Judgment affirmed.